UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

TINA TEAGUE                               )
                             ,            )
                                          )
              Plaintiff,                  )
                                          )
         v.                               )    Case No. 09-2102
ST. CHARLES COUNTY, COL. ALAN STAHL, DEFENDANT )
JOHN DOE I, DEFENDANT JON DOE II, DEFENDANT    )
JOHN DOE III, DEFENDANT JOHN DOE IV            )
                             ,            )
                                          )
              Defendant,                  )
                                          )

## ORIGINAL FILING FORM

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY
WHEN INITIATING A NEW CASE.**

☐    THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS

PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____

AND ASSIGNED TO THE HONORABLE JUDGE _____.

☐    THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY

PREVIOUSLY FILED COMPLAINT.  THE RELATED CASE NUMBER IS _____ AND

THAT CASE WAS ASSIGNED TO THE HONORABLE _____. THIS CASE MAY,

THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

☒    NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT

COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE

MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: 12/23/2009 _____          /s/ Jason A. Charpentier _____
                                     Signature of Filing Party

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TINA TEAGUE                                  )
                                             )
              Plaintiff,                     )
                                             )
vs.                                          )
                                             )
ST. CHARLES COUNTY                           )
                                             )
**Serve:**                                   )
St. Charles County Executive                 )
100 North Third Street                       )
                                             )
St. Charles, MO 63301                        )        Cause No.:
                                             )
COL. ALAN STAHL                              )
                                             )
**Serve:**                                   )        Division:
3011 Cedarshade Ct.                          )
St. Charles, MO 63376                        )
                                             )
DEFENDANT JOHN DOE I                         )        <u>Jury Demand</u>
                                             )
DEFENDANT JOHN DOE II                        )
                                             )
DEFENDANT JOHN DOE III                       )
                                             )
and                                          )
                                             )
DEFENDANT JOHN DOE IV                        )
                                             )
              Defendants.                    )

## **<u>COMPLAINT FOR WRONGFUL DEATH</u>**

COMES NOW Plaintiff, Tina Teague, and for her cause of action against Defendants

states as follows:

1.     This is a civil suit seeking money damages brought pursuant to 42 U.S.C. §1983

and §1998 and United States Constitution as well as under the common law under the State of

1

Missouri against St. Charles County, Col. Alan Stahl, the commanding officer of the St. Charles County Detention Center, and several correction officers and employees of the St. Charles County Detention Center.  Jurisdiction is based upon 28 U.S.C. §1331 and §1343 and on the pendent jurisdiction of this Court to entertain claims arising under state law.

 2. While under the custody of the St. Charles County Detention Center, Derek A. Estes (hereinafter "Decedent") did, on December 31, 2006, commit suicide by hanging.  The death of Decedent was a result of Defendants' violation of Decedent's constitutional rights and as a result of the negligence of Defendants in processing, detaining and monitoring Decedent.

<u>PARTIES</u>

 3. Plaintiff Tina Teague is and was at all times herein mentioned a resident of the County of St. Charles, State of Missouri and was the natural mother of Decedent.  As a result, Plaintiff is the proper party to bring this claim for damages as she is the appropriate statutory representative under the Missouri Wrongful Death Statute, Mo. Stat. § 537.080 (2000).

 4. Upon information and belief, Defendant Stahl, Defendant John Doe I, Defendant John Doe II, Defendant John Doe III and Defendant John Doe IV are and were at all relevant times mentioned herein residents of the State of Missouri.

 5. Defendant Stahl was the commanding officer and supervisor of all employees of the St. Charles County Detention Center for all relevant times mentioned herein.

 6. Defendant John Doe I was the correction officer in charge of supervising and monitoring Housing Unit I, where Decedent was confined and eventually committed suicide.

 7. Defendant John Doe II was the correction officer assigned to check the cell every 20 minutes where Decedent was confined.

2

8.      Defendant John Doe III was the employee and/or agent of the St. Charles County Detention Center responsible for screening inmates for suicide risk and making the decision to not place Decedent on suicide watch.

9.      Defendant John Doe IV is the correction officer(s) who failed to immediately investigate Decedent after receiving warnings from other inmates regarding choking noises and distress coming from Decedent's cell.

10.     At all times relevant herein, Defendant Stahl,  Defendant John Doe I, Defendant John Doe II, Defendant John Doe III and Defendant John Doe IV were acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of St. Charles County, State of Missouri.

11.     St. Charles County, State of Missouri is the public employer of Defendant Stahl, Defendant John Doe I, Defendant John Doe II, Defendant John Doe III and Defendant John Doe IV.

FACTS

12.     On December 29, 2006, Decedent was arrested and detained at the St. Charles County Detention Center on a charge of theft of anhydrous ammonia and possession of marijuana.

13.     Upon information and belief, at the time of Decedent's detention in the St. Charles County Detention Facility, Decedent was under the influence of narcotics.

14.     As a direct result of Decedent's medical condition, including his condition of narcotics intoxication, said condition placed the decedent at risk for suicide.

15.     Upon Decedent's arrival at the detention facility for St. Charles County,

3

Decedent was demonstrating that he was suffering under the influence of narcotics and had expressed suicidal tendencies.

16.     The Defendants therefore knew that Decedent had an elevated risk of suicide and therefore knew or could have known of the risk of suicide and exhibited deliberate indifference to this actual knowledge of substantial risk of suicide.

17.     The Defendants failed to place the Decedent on suicide watch.

18.     On December 31, 2006, Decedent was housed in Housing Unit I of the St. Charles County Detention Center.

19.     On December 31, 2006, religious services were held at the St. Charles County Detention Center, which detainees had the option to attend.  If the detainees chose not to attend the services, they would be confined in their cells.

20.     On December 31, 2006, Decedent chose not to participate in the religious services and was confined to his cell in Unit I.

21.     Pursuant to policy at the St. Charles Detention Center, the officer(s) assigned to monitor their respective housing units were supposed to check and monitor each cell at least every 20 minutes.

22.     On December 31, 2006, Decedent continued his pattern of expressing hopelessness and suffering from narcotic withdrawal symptoms and proceeded to tie a bed sheet around his neck for the purpose of committing suicide by hanging.

23.     After Decedent began to hang, choking noises emanated from Decedent's cell, noises which Defendant officers heard or were warned of, but ignored, until it was too late.

24.     On December 31, 2006 Decedent died as a result of hanging.

4

25.     As a direct and proximate result of the acts of Defendants, Decedent's Constitutional Rights under the Eighth Amendment were violated in that Defendants demonstrated a deliberate indifference of the need to take reasonable precaution against suicide. Defendants were on notice that Decedent was at risk for suicide.  Moreover, Defendants ignored information and knowledge that Decedent was attempting to commit suicide and failed to take reasonable measures to save his life, including failing to monitor his cell every 20 minutes pursuant the St. Charles County Detention Center's own policy and procedure.

## COUNT I

### Claim of Plaintiff under 48 U.S.C. § 1983

26.     Plaintiff re-alleges and incorporates herein by reference Paragraphs 1-25 of this Complaint as if more fully set forth herein.

27.     Plaintiff Tina Teague claims damages for the wrongful death of her son and for her loss of  his income, services, protection, care, assistance, society, companionship, and all other categories of compensatory damages under 42 U.S.C. §1983 and the Missouri Wrongful Death Statute.

## COUNT II

### Claim against St. Charles County

28.     Plaintiff re-alleges and incorporates herein by reference Paragraphs 1-25 and Paragraphs 26-27 of Count I of this Complaint as if more fully set forth herein.

29.     Defendant St. Charles County failed to provide adequate training to its detention facility employees with respect to recognizing the signs and expressions of suicidal tendencies and symptoms of narcotic withdrawal.  Defendant St. Charles County failed to train and supervise its detention facility employees to check detainees' cells every 20 minutes pursuant to

their own policy.  The inadequate training and supervision provided by St. Charles County

amounted to the deliberate indifference to the constitutional rights of persons with whom the

detention facility would come into contact with.

COUNT III

State pendent claim of negligence

30.     Plaintiff re-alleges and incorporates each and every allegation herein by reference

Paragraphs 1-25 and Paragraphs 26-27 of Count I and Paragraphs 28-29 of Count II of this

Complaint as if more fully set forth herein.

31.     Defendant St. Charles County, Defendant Stahl, Defendant John Doe I, Defendant

John Doe II, Defendant John Doe III and Defendant John Doe IV were negligent in their duties

and caused the wrongful death of Decedent in that Defendants knew or should have known of

Decedent's high risk of suicide and failed to appropriately place Decedent under reasonable

suicide watch, failed to monitor his cell every 20 minutes and failed to take other reasonable

measures to ensure Decedent's safety.

32.     As a direct and proximate result of the aforesaid negligence of Defendants,

Decedent died and Plaintiff has been caused to suffer the loss of her son.  Plaintiff therefore

seeks recovery of compensatory damages as set forth and allowed pursuant to Missouri

Wrongful Death Statute.

WHEREFORE, Plaintiff Tina Teague prays for judgment against Defendants

in a sum to be found reasonable by a jury upon the trial of this case, together with Plaintiff's

costs incurred herein and for such other and further relief as the Court deems just and proper in

the circumstances.

6

GROWE, EISEN, KARLEN, EILERTS & RUTH, L.L.C.


_____/s/ Jason A. Charpentier_____
JASON A. CHARPENTIER, #498817
7733 Forsyth Boulevard, Suite 325
Clayton, Missouri  63105
(314) 721-1228 / Facsimile: (314) 261-7326
Email:  Jason@groweeisen.com

Attorney for Plaintiff

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | | |
|---|---|---|
| Tina Teague | ) | |
| ——————————————— | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   09-2102 |
| St. Charles County, et. al. | ) | |
| ——————————————— | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  St. Charles County, St. Charles County Executive, 100 North Third Street, St. Charles, MO 63301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.  09-2102

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____        _____

                                                                *Server's signature*

                                                _____

                                                                *Printed name and title*

                                                _____

                                                                *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | |
|---|---|
| Tina Teague | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| St. Charles County, et. al. | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.   09-2102

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Col. Alan Stahl, 3011 Cedarshade Ct., St. Charles, MO 63373

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____            _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.   09-2102

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                          *Server's signature*

                                          _____
                                                          *Printed name and title*

                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc: