UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TINA TEAGUE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:09-CV-2102 (CEJ) |
| ST. CHARLES COUNTY, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendants St. Charles County and Colonel Alan Stahl to dismiss plaintiff's complaint, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim on which relief may be granted. Plaintiff has filed a response in opposition to the motion.

I.  **Background**

Plaintiff Tina Teague is the mother and statutory representative of Derek A. Estes, who committed suicide in a cell in the St. Charles County Detention Center. Plaintiff alleges that on December 29, 2006, her son was arrested and detained at the St. Charles County Detention Center. She also alleges, "on information and belief," that Mr. Estes was under the influence of narcotics at the time of his detention, and that he was "demonstrating that he was suffering under the influence of narcotics and had expressed suicidal tendencies." Plaintiff alleges that Mr. Estes was not placed on suicide watch, even though the defendants knew that he presented an "elevated risk of suicide." According to the complaint, on December 31, 2006, Mr. Estes was detained in his cell, where he used a bed sheet

to hang himself.  Plaintiff alleges that Mr. Estes made choking noises which were either heard directly by, or were reported to, jail personnel, who did not respond. She further alleges that jail personnel ignored information that Mr. Estes was suicidal and failed to check him every twenty minutes as required by jail policy.

Plaintiff brings this action against defendants St. Charles County, Colonel Alan Stahl, John Doe I (the corrections officer in charge of supervising the housing unit in which Mr. Estes was confined); John Doe II (the corrections officer assigned to check Mr. Estes's cell every twenty minutes); John Doe III (the employee responsible for screening inmates for suicide risk and who decided not to place Mr. Estes on suicide watch); and John Doe IV (the corrections officer or officers who received warnings from other inmates that choking noises were coming from Mr. Estes's cell).  Plaintiff asserts claims for wrongful death under 42 U.S.C. § 1983 and the Missouri Wrongful Death Statute (Count I), failure to train and supervise corrections employees (Count II), and negligence (Count III).

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint.  The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S.

232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 556.

### III. Discussion

#### A. Deliberate Indifference

Because Mr. Estes was a pretrial detainee, plaintiff's claims are evaluated under the Fourteenth Amendment, rather than the Eighth Amendment. Morris v. Zefferi, --- F.3d ---, 2010 WL 1440337 at *2 (8th Cir. Apr. 13, 2010). The Eighth Amendment prohibits officials from acting with deliberate indifference towards an inmate's substantial suicide risk, and the Fourteenth Amendment extends at least as much protection to pretrial detainees. Coleman v. Parkman, 349 F.3d 534, 538 (8th Cir. 2003); see also Drake ex rel. Cotton v. Koss, 445 F.3d 1038, 1042 (8th Cir. 2006) (allegations that jail officials failed to prevent suicide are treated as claims for failure to provide adequate medical treatment). In order to prevail on a deliberate indifference claim, a plaintiff must show that the jail officials actually knew that the inmate faced a substantial risk of serious harm and failed to respond reasonably to abate that risk. Id. (citing Olson v. Bloomberg, 339 F.3d 730, 735 (8th Cir. 2003); Gregoire v. Class, 236 F.3d 413, 417 (8th Cir. 2000)). Deliberate

indifference is akin to criminal recklessness and requires something more than mere negligent misconduct. Id.

Defendants argue that plaintiff's allegation that Mr. Estes was under the influence of narcotics at the time of his detention is insufficient to support a deliberate indifference claim because it is based solely "[u]pon information and belief." Defendants, however, do not address plaintiff's further allegations that Mr. Estes was "demonstrating that he was suffering under the influence of narcotics and had expressed suicidal tendencies," and that jail employees heard or were told of the choking sounds coming from Mr. Estes's cell, but took no action. See Coleman, 349 F.3d at 538 n.3 (a plaintiff can prove knowledge through circumstantial, "must have known," evidence). Defendants' motion to dismiss plaintiff's deliberate-indifference claim will be denied.

Defendants challenge plaintiff's claim for damages pursuant to § 1983. The damages in a § 1983 wrongful death claim are limited to those that would have been available to the decedent for the violation of his constitutional rights. Andrews v. Neer, 253 F.3d 1052, 1063 (8th Cir. 2001) (appropriate damages include compensatory damages such as medical and burial expenses, pain and suffering before death, loss of earnings based on the probable duration of the decedent's life, the decedent's loss of consortium). Plaintiff concedes that she is not entitled to recover damages for her personal losses. Defendants' motion to dismiss the claim for nonrecoverable damages will be granted.

B. <u>Respondeat Superior</u>

Defendant St. Charles County contends that plaintiff seeks to hold it liable for the actions of its employees under the theory of *respondeat superior*. In <u>Monell v. New York City Dept. of Soc. Services</u>, 436 U.S. 658, 690 (1978), the United States Supreme Court held that municipalities may be sued under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision." A plaintiff need not specifically plead or identify an unconstitutional policy to survive a motion to dismiss. <u>Crumpley-Patterson v. Trinity Lutheran Hosp.</u>, 388 F.3d 588, 591 (8th Cir. 2004). At the very least, however, a plaintiff must allege facts which would support the existence of an unconstitutional policy or custom. <u>Id.</u> A plaintiff's failure to include any allegations, reference or language from which one could begin to draw an inference that the conduct complained of resulted from an unconstitutional policy or custom renders the complaint deficient. <u>Id.</u> (<u>quoting</u> <u>Doe v. School Dist. of Norfolk</u>, 340 F.3d 605, 614 (8th Cir. 2003)).

In Count II of her complaint, plaintiff alleges that St. Charles County unconstitutionally failed to train and supervise its employees with respect to custody of persons with symptoms of narcotics withdrawal and suicidal tendencies. Under certain circumstances, a municipality can be held liable under § 1983 for constitutional violations arising from its failure to train employees. <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 380 (1978). Plaintiff's failure-to-train claim against St. Charles County is sufficient to survive a motion to dismiss.

With respect to defendant Stahl, plaintiff alleges only that he was the commanding officer of the facility and the supervisor of the corrections officers. She does not allege that he personally participated in the alleged unconstitutional actions or that he failed to train or supervise the corrections officers. "A supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (quotations and citations omitted). Plaintiff's § 1983 claim will be dismissed with respect to defendant Stahl.

### C. Public Duty and Official Immunity Doctrines

Defendants assert the public duty doctrine as a defense to plaintiff's state-law negligence claim. Under the public duty doctrine, "a public employee is not liable to an individual for injuries resulting from a breach of duty the employee owes only to the general public." Gregg v. City of Kansas City, 272 S.W.3d 353, 362 (Mo. Ct. App. 2008). The public entity employing the allegedly negligent employee is also shielded from liability. Id. However,

> A duty is owed to particular individuals for "the performance of ministerial duties in which a private individual has a special, direct, and distinctive interest." Such an interest exists when injury to a particular, identifiable individual is reasonably foreseeable as a result of an official's breach of duty. Whether an individual has such a private interest depends on the facts of each case, not on broad pronouncements about the usual status of relevant functions. Finally, it cannot be assumed that a duty is private simply because it is ministerial.

Jungerman v. City of Raytown, 925 S.W.2d 202, 205 (Mo. 1996) (internal citations omitted). Whether defendants owed Mr. Estes a duty will depend upon the facts of this case and cannot be determined at this stage of the proceedings.

Defendants also assert that they are entitled to the protection of the official immunity doctrine. This doctrine protects public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts. <u>Southers v. City of Farmington</u>, 263 S.W.3d 603, 610 (Mo. 2008). "The official immunity doctrine, however, does not provide public employees immunity for torts committed when acting in a ministerial capacity." <u>Id.</u> The test for whether an act is "discretionary" or "ministerial" is fact-intensive, <u>id.</u>, and, again, determination of this issue cannot be made at this time.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. #4] is **granted in part**.

**IT IS FURTHER ORDERED** that the plaintiff's claims in Count I and Count II for damages based on her personal losses are **dismissed**.

**IT IS FURTHER ORDERED** that Count I of the complaint is **dismissed against defendant Alan Stahl only**.

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss is in all other respects **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of April, 2010.